Argued and submitted January 27, reversed and remanded April 26, 1982

STATE ex rel ADULT AND
FAMILY SERVICES DIVISION,
*Respondent,*

*v.*

HAMILTON,
*Appellant.*

(No. D 8009 67690, CA A21490)

643 P2d 1323

Thomas A. Caruso, St. Andrew Legal Clinic, Portland, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this filiation proceeding, defendant appeals from a final judgment establishing his paternity and providing for child support. That judgment was entered following the entry of a combined order striking defendant's denial of paternity and finding defendant to be in default. Defendant assigns error to the denial of his motion to vacate the final judgment.

On October 24, 1980, defendant was served with the complaint and an order to appear on November 14 to show cause why the relief requested should not be granted. Defendant appeared, without counsel, on the specified date before Judge Lenon and denied his paternity. An appropriate formal order was entered stating that defendant's denial of paternity was entered of record and that the matter was continued for trial at a later date.

At the time of that appearance, defendant was served with a notice of taking a deposition on December 10. Defendant appeared on the date set, again without counsel, and stated that he would not submit to a deposition without having an attorney. He was advised at that time that plaintiff would take his deposition during the month of January; subsequently a notice of taking deposition was mailed to him, advising that the deposition was scheduled for January 8, 1981. There is a dispute whether defendant received that notice; it is clear, however, that he did not appear. On January 20, 1981, plaintiff mailed to defendant a document entitled "Motion and Order to Strike Defendant's Denial of Paternity." On January 22, that motion and order was incorrectly presented *ex parte* to Judge Nachtigal, who signed the order on that date. The order not only struck defendant's denial of paternity, but also declared him to be in default; it concluded with the statement that the matter was set over so that a *prima facie* case could be shown at a later, unspecified date.

On March 19, 1981, the *prima facie* hearing was held, at which time the court entered the judgment establishing paternity and providing for child support. That order recited that defendant was mailed a conformed copy of the previous order striking defendant's denial of paternity and declaring him to be in default on January 30, 1981.

There is, however, nothing in the record, by way of affidavit or otherwise, to support that recitation. In any event, the January 22 order did not advise defendant of the hearing date for the *prima facie* case.

Defendant's motion to vacate that judgment involves the question whether the order striking his denial of paternity and declaring him to be in default was validly entered. We hold that it was not, and therefore defendant's motion to vacate the judgment based on that prior order should have been granted. Without detailing all of the defects, we find in the procedure followed here, it is enough to point out that under ORCP 46 D, if a party fails to attend his own deposition after being served with a proper notice, "the court in which the action is pending on motion may make such orders in regard to the failure as are just, * * *." Included among the permissible sanctions are the striking of an appearance or the entry of an order of default, ORCP 46 B(2), but neither sanction is automatic under the rule. Even if defendant received the proposed motion and order, which he denies, the notice was inadequate. It was mailed on January 20 and the order was entered on January 22. ORCP 9 provides that every written motion, other than one which may be heard *ex parte,* shall be served upon the opposing party, either personally or by mailing it to the party's last known address. ORCP 10 C provides that

"* * * whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served by mail, 3 days shall be added to the prescribed period."

In this case, the proposed motion and order, which plaintiff states was mailed to defendant, did not advise him of any date on which the motion would be presented to the court, but even if it did advise defendant that it was to be presented on January 22, that notice would not have been adequate.

For the foregoing reasons, we conclude the defendant's motion to vacate the judgment establishing paternity and providing for child support should have been granted.

Reversed and remanded.